UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KONSTANTINOS ZOGRAFIDIS,       :
        Plaintiff,             :
                               :
    v.                         :    Case No. 3:14-cv-667(RNC)
                               :
NORWALK POLICE DEPT., et al., :
        Defendants.            :

INITIAL REVIEW ORDER

Plaintiff, currently incarcerated at the New Haven
Correctional Center in New Haven, Connecticut, brings this action
pro se and in forma pauperis under 42 U.S.C. § 1983.  Pursuant to
the amended complaint, he names as defendants the Norwalk and
Westport Police Departments, Attorney Joseph Dimyan and Demetros
Karipidis.

Under 28 U.S.C. § 1915(e)(2) (2000), the court must review
prisoner civil complaints and dismiss any portion of the
complaint that is frivolous, malicious, fails to state a claim on
which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief.  A pro se complaint is
adequately pled if its allegations, liberally construed, could
"conceivably give rise to a viable claim." Phillips v. Girdich,
408 F.3d 124, 130 (2d Cir. 2005).  The Court must assume the
truth of the allegations, and interpret them liberally to "raise
the strongest arguments [they] suggest[]." Abbas v. Dixon, 480
F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are
not required, the complaint must include sufficient facts to

afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic, 550 U.S. at 570.  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

I.   Allegations

      Plaintiff challenges events leading to his arrest and prosecution in federal court in United States of America v. Zografidis, No. 3:12-cr-117 (JAM) (D. Conn.).  On June 24, 2014, he pleaded guilty to a lesser included count of Count One of the Superseding Indictment in the criminal case.  See Plea Agreement, id. (ECF No. 944).  In his original and amended complaints, plaintiff alleges that his Fourth and Fifth Amendment rights were violated in the course of the criminal investigation, including: illegal search of his apartment, false statements leading to his arrest, improper transfer from the NPD to the Westport Police Department and denial of access to his attorney.

2

II.   Analysis

Plaintiff names the Norwalk and Westport Police Departments as defendants in this action.  Municipalities and other local government units may be included as defendants in actions brought under Section 1983.  See Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978).  To state a claim under Monell, however, plaintiff must show that an official policy, practice or custom was the "moving force [behind] the constitutional violation." Dodd v. City of Norwich, 827 F.2d 1, 5 (2d Cir. 1987).  Here, plaintiff alleges no facts showing a policy, practice or custom of false arrests or Fourth and Fifth Amendment violations by either department.  Thus, there is no factual basis for a Monell claim.  Accordingly, all claims against the Norwalk Police Department and Westport Police Department are dismissed pursuant to 28 U.S.C. § 1915A(b).[1]

---

[1] Moreover, state and local law enforcement officers designated as federal task force members are treated as federal employees for the purposes of federal tort liability; any claims against such officers cannot be brought under § 1983 but must instead be pleaded under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the federal counterpart to § 1983.  See, e.g., Aikman v. Cnty. of Westchester, 691 F. Supp. 2d 496, 498-99 (S.D.N.Y. 2010).  A claim against a police department is not cognizable under Bivens. E.g., Ajaj v. MacKechnie, No. 07CIV.5959 PKC DCF, 2008 WL 3166659, at *5 (S.D.N.Y. Aug. 4, 2008)("A Bivens action does not lie against a federal agency or the United States.  A theory of respondeat superior will not support a Bivens claims against supervisory personnel. The pleading requirements for supervisor liability are no different in Bivens actions from those in an action brought under 42 U.S.C. § 1983.") (citing cases).

Plaintiff also brings this action against Dimyan, an attorney, and Karipidis, a co-defendant in the underlying criminal action, alleging that Dimyan gave false information to the NPD and that Karipidis worked as an illegal informant to entrap him.  Section 1983 provides that "[e]very person" who acts "under color of" state law to deprive another of federal constitutional rights shall be liable in a suit for damages.  An action is taken "under color of" state law when the act is performed by a state official while the official is purporting to act in the performance of his or her official duties.  See West v. Atkins, 487 U.S. 42, 49 (1988).  An otherwise private person can act "under color of" state law when he engages in a conspiracy with state officials to deprive another of federal rights.  See Tower v. Glover, 467 U.S. 914, 920 (1984).  Dimyan and Karipidis are private persons, not state officials.  Plaintiff alleges no facts supporting an inference that Dimyan or Karipidis conspired with state officials to deprive him of his federal rights; his vague and conclusory assertions to this effect are insufficient.  E.g., Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (1999) (holding that vague, general or conclusory allegations of conspiracy are insufficient to state a cognizable claim).  Accordingly, all claims against Dimyan and Karipidis are dismissed pursuant to 28 U.S.C. § 1915A.

4

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2)  The Clerk is directed to enter judgment and close the case.

(3)  Plaintiff may file a motion to reopen accompanied by a proposed amended complaint if he can identify persons acting under color of state law who violated his federal rights.  Any motion shall be filed within **twenty (20) days** from the date of this order and allege specific facts supporting the claims.

**SO ORDERED** this 18th day of July, 2014, at Hartford, Connecticut.

/s/RNC
Robert N. Chatigny
United States District Judge
